IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

**HELENA DIVISION**

_____

| | |
|---|---|
| DARRELL GENE HOWE, | Cause No. CV 07-02-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR INJUNCTION |
| MIKE MAHONEY, MYRON BEESON, THOMAS MALCOLM, CANDICE NEUBAUER, TOM WOODS, TRISHA ROBLES, TERRY WILKERSON, and MONTANA STATE PRISON INFIRMARY, | |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff's pro se "Motion to Supress and Grant Immediate Relief." (Document 1). The Court previously denied Plaintiff's request to file this lawsuit under seal and to order the Montana Department of Corrections to transfer him out of Montana State Prison. (Document 2). However, Plaintiff's Motion for Immediate Relief also sought an injunction against the Montana State Prison stopping them from: (a) allowing women in the housing units where male inmates are housed; (b) allowing women in the housing units in the other facilities that the Department of Corrections and Montana State Prison have male inmates housed; and (c) transferring Plaintiff to any location other than that specified by his motion. (See Document 1, p. 3).

Traditionally, a court may issue a preliminary injunction if it determines: (1) the moving

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DENY INJUNCTION / PAGE 1

party will probably prevail on the merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of potential harm favors the moving party, and, in some cases; (4) granting relief is in the public interest. Int'l Jensen, Inc. v. Metrosound U.S.A. Inc., 4 F.3d 819, 822 (9th Cir. 1993).

However, the Ninth Circuit has also adopted an "alternative standard" under which the trial court "essentially ⋯ must balance the equities in the exercise of its discretion." Id. Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. Id.

Plaintiff cannot establish probable success on the merits of his claims regarding being forced to shower, dress and undress in front of women and women guards conducting pat searches on him. The Ninth Circuit Court of Appeals has held that pat searches and surveillance of male prisoners by female guards do not violate a male prisoner's equal protection rights, Fourteenth Amendment right to privacy, the Eighth Amendment or Fourth Amendment rights. Grummett v. Rushen, 779 F.2d 491 (9th Cir. 1985); Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997).

Plaintiff's concerns regarding being transferred have already been addressed. As stated in the Order of September 8, 2006 (Document 2), "State prison officials are given deference in day-to-day prison operations due to separation of powers and federalism concerns. Turner v. Safley, 482 U.S. 78, 84-85 (1987). Plaintiff has not presented sufficient evidence at this

juncture in the litigation to convince the Court that it may interfere with prison policy and operations." (Document 2, p. 4).

Therefore, based upon the Court's initial purview of Plaintiff's claims regarding allowing women in male housing units and his request to not be transferred, there appears to be little probability of success on the merits. Accordingly, injunctive relief is not appropriate at this time and Plaintiff's motion should be denied.

Based upon the foregoing, the Court enters the following:

## RECOMMENDATION

Plaintiff's Motion for Injunction (Document 1, p. 3) should be **DENIED.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date on which this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing attached to this document, or objection is waived.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 13th day of February, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY INJUNCTION / PAGE 3