FILED
MISSOULA, MT

2007 FEB 27 PM 3 25

PATRICK E. DUFFY

BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| DARRELL GENE HOWE, | ) | CV 07-02-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, MYRON BEESON, THOMAS MALCOLM, CANDICE NEUBAUER, TOM WOODS, TRISHA ROBLES, TERRY WILKERSON, and MONTANA STATE PRISON INFIRMARY | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on February 13, 2007. Plaintiff timely objected on February 22, 2007. Plaintiff therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Plaintiff seeks a preliminary injunction against the Montana State Prison to prevent it from allowing women in the housing units where male inmates are housed and to prevent it from

transferring Plaintiff to any location other than that specified in Plaintiff's motion. Judge Strong recommended denying preliminary injunctive relief based on a finding that Plaintiff was not likely to succeed on the merits of his claims. In his objections, Plaintiff argues an injunction should be issued because allowing women to view male inmates undressing and showering is degrading and constitutes sexual exploitation. As Judge Strong noted, however, the Ninth Circuit has held pat searches and surveillance of male inmates by female guards are constitutional if they are reasonably related to legitimate penological interests. Michenfelder v. Sumner, 860 F.2d 328 (9th Cir. 1988); Grummett v. Rushen, 779 F.2d 491 (9th Cir. 1985). I therefore agree with Judge Strong's determination that Plaintiff is not likely to succeed on the merits of his claim regarding women viewing male inmates.

Plaintiff also requests a settlement conference to resolve all of the claims raised in his Complaint. The Court has not yet conducted a prescreening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A to determine whether the Complaint alleges cognizable claims. Thus, a settlement conference at this time would be premature.

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation are adopted in full. Plaintiff's Motion for Injunction (dkt #1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for a settlement conference (dkt #10) is DENIED subject to renewal after Plaintiff's Complaint has been prescreened.

Dated this 27th day of February, 2007.

Donald W. Molloy, Chief Judge
United States District Court